# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| HOLLIE MARIE CHIESI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV422-286 |
| | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 21. The Acting Commissioner has not opposed the request. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5. For the reasons set forth below, it is **RECOMMENDED**[1] that plaintiff's motion be **GRANTED, in part** and **DENIED, in part**. Doc. 21.

---

[1] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

I.  **BACKGROUND**

On the parties' consent motion, the District Judge reversed and remanded plaintiff's social security appeal to the agency for further consideration, and judgment was entered in plaintiff's favor. Docs. 17 (Consent Motion), 18 (Remand Order) & 19 (Judgment). Plaintiff then filed the instant motion requesting $6,965.22 in attorney's fees. Doc. 21 at 1; *see also* doc. 22 at 3. The requested attorney's fees are comprised of 1.8 attorney hours at a rate of $232.67 per hour, 24.7 attorney hours at a rate of $241.15 per hour, and 5.9 paralegal hours at a rate of $100 per hour. Doc. 22 at 2.

II.  **ANALYSIS**

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v.*

*Shalala*, 8 F.3d 775, 779 (11th Cir. 1993).  Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable.  *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, *see* doc. 18, and her request is timely, *see* doc. 19 (Judgment entered September 1, 2023), doc. 21 (Motion filed November 30, 2023).  She has alleged that the Commissioner's position was not substantially justified, and the Commissioner has not refuted that assertion.  *See* doc. 22 at 1; *see also Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified.").  The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court must next determine whether the requested fees are reasonable.  EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  *Jean*, 863 F.2d at 773.  In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge

3

and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).  Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable.  Plaintiff requests fees for 26.5 hours of attorney work and 5.9 hours of paralegal work.  *See* doc 22 at 2; *see also* docs. 22-3, 22-4, & 22-5.  The transcript totaled 944 pages, *see* doc. 9-1, and counsel and staff, among other tasks, distilled that record down into a 25-page persuasive brief, doc. 14.  The brief was so compelling, the Defendant sought reversal and remand for further proceedings.  *See* doc. 17.

Plaintiff's lawyers seek fees at an hourly rate of $232.67 for 2022 and $241.15 for 2023, which was calculated by applying the Consumer Price Index cost-of-living increase for each year to the statutory limit of $125.  *See* doc. 22 at 2; *see also* docs. 22-2 (Consumer Price Index and CPI

Calculations). A cost-of-living increase is specifically mentioned in the EAJA as a factor justifying a higher hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). The Court should approve counsel's proposed attorney hourly rates as reasonable.

Plaintiff asks that counsel's paralegals' time be reimbursed at a rate of $100 per hour. Doc. 22 at 2. There is nothing provided to support the reasonableness of the requested hourly rate for the paralegals' time. *See generally* doc. 22. In 2019, this Court determined that an hourly rate of $75 for paralegals was reasonable and rejected the request for $96.88. *See Holton v. Saul*, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019). There, as here, the request was silent as to the paralegal's customary billing rate. *Compare id. with* doc. 22. Absent any justification from Plaintiff for a higher hourly rate, the Court should find, as it did in *Holton*, that $75 is a reasonable hourly rate for the paralegals' time. *Holton*, 2019 WL 6040184, at *2.

Applying the above-discussed hourly rates to the total amount of reasonable hours expended, the Court should award Plaintiff[2] $6,817.72

---

[2] Plaintiff's motion indicates that Plaintiff has assigned payment of EAJA fees to her counsel. Doc. 22 at 1-2; *see also* doc. 22-1. In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and

in attorney's fees, comprised of $418.81 for 1.8 hours of attorney time at a rate of $232.67 per hour, $5,956.41 for 24.7 hours of attorney time at a rate of $241.15 per hour, and $442.50 for 5.9 hours of paralegal time at a rate of $75 per hour.

### III. CONCLUSION

The Court should **GRANT, in part**, and **DENY, in part**, Plaintiff's Motion for Attorney Fees. Doc. 21.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 27th day of December, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA